In the opinion of Dr. Beard, the April incident was unrelated to the painful condition of the back for which he saw her in May. No expert medical opinion in the record relates the two.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. Plaintiff sustained a specific traumatic incident to her back on April 5, 1992, which arose out of and in the course of her employment with defendant-employer. Defendants, however, deny that the specific traumatic incident caused a physically disabling injury.
2. As of April 5, 1992, plaintiff's average weekly wage was $247.45.
FINDINGS OF FACT
1. Plaintiff was employed by defendant from March 8, 1991 through May 8, 1992 as a banquet server. Plaintiff's duties were physical in nature and regularly required lifting twenty-five pounds or more. The number of hours that plaintiff worked depended upon the number of banquets being held, the size of those banquets and the length of those banquets. Plaintiff's work schedule fluctuated with the banquet schedule.
2. Plaintiff's injury of April 5, 1992 occurred while she was lifting a tub which contained ice and beverages. Plaintiff reported the incident to the beverage captain, Mr. Floyd, and then to her supervisor, Mr. Mahmoud. After advising Mr. Mahmoud that she did not want to go to the hospital, plaintiff went to the office and filled out an accident investigation report to Pamela Pareja. Plaintiff then returned to her station and completed her shift.
3. Plaintiff reported to work on April 6, 1992 and worked all of the days she was scheduled to work from that date until May 8, 1992.
4. On April 6, 1992, Mr. Mahmoud asked plaintiff how she was feeling and plaintiff responded by telling him that she was okay and everything was all right. Mr. Mahmoud saw plaintiff on all of the days that plaintiff worked during the month following the incident of April 5, 1992. Plaintiff made no complaints to Mr. Mahmoud about having back pain nor did she request help with her duties.
5. On May 11, 1992, plaintiff told Marcy Starnes in Defendant-employer's personnel department that she wanted medical insurance information in order to go to a doctor. Plaintiff told Ms. Starnes that she did not know whether or not her problem was work related. Cathy O'Mally of defendant-employer instructed plaintiff to go to the Nalle Clinic.
6. On May 11, 1992, plaintiff was seen by Dr. John N. Beard at the Nalle Clinic. Plaintiff told Dr. Beard that she began having pain in her back the week prior to May 11, 1992 and that she did not recall any injury to that area of her back where she was having pain. Plaintiff also told Dr. Beard that she had hurt her back at work on April 15, 1992, but that it resolved in one or two days and that she had no trouble after that time.
7. Plaintiff next sought medical treatment on May 13, 1992 at the emergency room at Carolina's Medical Center. Plaintiff told the emergency room doctor that she had started suffering low back pain without injury on the preceding Thursday, May 7, 1992. Plaintiff told a nurse in the emergency room that her low back pain had started seven days earlier without any known injury. Plaintiff's back discomfort following her specific traumatic incident on April 5, 1992 resolved within one or two days and was asymptotic with respect to her back until May 7, 1992,
8. Plaintiff testified before the Deputy Commissioner that after the incident on April 5, 1992, her discomfort increased and the pain got worse until she eventually sought medical attention. This testimony is not accepted as credible based upon the hearing Deputy's evaluation of plaintiff's demeanor at hearing, inconsistencies in her testimony at the hearing and the information she gave to her physicians, the medical reports in evidence, and the testimony given by other witnesses.
9. As a result of her specific traumatic incident on April 5, 1992, plaintiff did not sustain any temporary total disability or permanent partial disability. None of the medical bills that plaintiff began incurring on May 11, 1992 are related to the specific traumatic incident of April 5, 1992
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. In as much as plaintiff did not sustain either any temporary total disability or any permanent partial disability as a result of her injury by accident on April 5, 1992, and since any medical treatment received after May 11, 1992 was not proximately caused or necessitated by plaintiff's specific traumatic incident April 5, 1992, plaintiff is not entitled to compensation under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim for compensation and medical expenses must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ____________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _________________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch